## Case No. 9,313.

### MAURO v. ST. JOHN'S PARISH.

[4 Cranch, C. C. 116.] [1]

Circuit Court, District of Columbia. Dec. Term, 1830.

CONTRACTS—CHURCHES—VESTRY—PEW TAXES—OWNER.

Quaere, whether the owner of a pew in the Protestant Episcopal Church in St. John's parish, in the city of Washington, is personally liable for the taxes assessed upon such pew by the vestry of that parish; the owner not being a member of that church?

Appeal from the judgment of a justice of the peace for $38.50 for taxes upon a pew in St. John's Church owned by the appellant [Philip Mauro], who was not a member of the Episcopal Church, and who had taken an as-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

signment of the pew in payment of a debt due to him by Mr. W. Lee.

Mr. Wallach, for appellant, denied, 1st. That the vestry was competent to sue; and 2d. That there was no personal obligation upon the appellant to pay; the only remedy being a sale of the pew.

Mr. Coxe, for appellees, cited Act Md. 1798, c. 24, §§ 2, 32, 33; the Proceedings of the State Convention in 1816 and 1824; erecting St. John's Parish; Vestry-Book 17, February 16, 1818, December 7, 1817; as to sale and rent of pews, November 1, 8, 1819; letter to pew-holders, November, 1819, April 26, 1826, March 22, 1819, November 1, 1819.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, absent, and MORSELL, Circuit Judge, doubting). This is an appeal from the judgment of a justice of the peace, against the appellant, for $38.50 debt, and fifty-eight cents costs, rendered on the 17th of October, 1829, being the amount of taxes assessed on a pew in St. John's Church, which the appellant received by assignment from William Lee in payment of a debt; the appellant not being a member of that church.

It is contended by the appellant that he is not personally liable for such taxes; but that the only remedy for the non-payment thereof is a sale of the pew according to the terms contained in the certificate of ownership issued by the register of that parish, which is in these words: "I certify that Philip Mauro is the owner of pew numbered 35, of St. John's church in Washington City, valued at $200, subject to such annual tax as is, or shall hereafter, be fixed by the vestry of said church, and to be sold at auction for arrearages of such taxes due six months or upwards after due notice has been given of the time and place of such sale; the said pew to be transferable only on the books of the register of this church, and the delivery of this certificate. In testimony whereof I have hereunto signed my name and affixed the seal of the said church, this ——— day of ——— in the year ———. ———, Register." This certificate was issued and received by the appellant on the 25th of November, 1824.

The parish of St. John, although the church had been built in 1816, and the congregation had worshipped there ever since, was not erected until the 18th of June, 1824, and no legitimate vestry was elected until Easter Monday in 1825; so that in November, 1824, there was no vestry of St. John's parish, constituting a body corporate according to the act of assembly of Maryland of November, 1798, c. 24, competent to contract in that name, or in behalf of, or for the benefit of the future vestry. The giving and receiving of the certificate of ownership, therefore, did not

constitute a contract binding on the vestry, or upon the appellant; for it was no contract unless both were bound. Whatever, therefore, might have been the construction or effect of that certificate, it conferred no right of action upon the subsequent legitimate vestry. Mr. Mauro, however, although he denied his personal liability before the magistrate, admitted himself to be the owner of the pew. This subsequent assent may, perhaps, give validity to the sale and to the contract, whatever it might be, which is contained in the certificate of sale. But that certificate does not purport to be a personal obligation, or to create any implied personal liability on the part of Mr. Mauro, to pay the taxes which might be fixed by the vestry. It expressly states that the pew is "subject to such annual tax," &c., "and to be sold at auction for arrearages of such taxes."

By the 2d section of the act of 1798, c. 24, the vestry cannot lay any personal tax exceeding $2 a year; and that only upon "a free white male citizen of the state, above twenty-one years of age, resident of the parish," and "who shall have been entered on the books of the said parish," "as a member of the Protestant Episcopal Church," and this tax must be made known and declared in writing within ten days after the election of the vestry. No express power is given to the vestry to tax pews which have been sold, and have become the private property of individuals. By the 31st section it is enacted that nothing therein before contained shall be construed to prevent the vestry from selling or renting the pews of their churches, provided that in so doing they shall not interfere with any existing right or title in any person to any pew or pews; but it gives no power to tax. The power to tax the pews is only given by the contract of sale; and cannot be extended beyond the terms of the contract. The person who purchases a pew, purchases it subject to the incumbrance of the tax liable to be collected by the sale of the pew; but he does not thereby assume any personal liability. The vestry may rent the unsold pews, and the amount of the rent will be determined by the terms of the lease; which may create a personal obligation. The certificate of sale, by providing one mode of collecting the tax, virtually excludes all others. I am, therefore, of opinion, that the vestry have no personal remedy against Mr. Mauro, for the tax on the pew, but may resort to a sale of it according to the terms of the contract.

At a subsequent term the matter was settled by the parties.